IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CENTIMARK CORPORATION, a Pennsylvania corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02: 09-cv-1244 |
| HIGHLAND COMMERCIAL ROOFING, LLC, an Arizona Limited Liability Company, and ERIK ROBERT ELLE, an adult individual, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

November 4, 2009

      Presently before the Court is the MOTION TO DISMISS PLAINTIFF'S COMPLAINT, with brief in support, filed by Defendant Highland Commercial Roofing, LLC (*Document Nos. 14 and 16*), the MEMORANDUM OF LAW IN OPPOSITION filed by Plaintiff, CentiMark Corporation (*Document No. 21*), and the REPLY filed by Highland Commercial Roofing, LLC (*Document No. 22*). For the reasons that follow, the Motion will be granted for lack of jurisdiction.

**Background**

      Plaintiff, a Pennsylvania corporation, initiated this diversity lawsuit on September 14, 2009 by the filing of a six-count complaint against Highland Commercial Roofing, LLC, an Arizona Limited Liability Company, and Erik Robert Elle, an individual believed to be a citizen of the State of Arizona. Plaintiff seeks relief under the following causes of action:

Count I - Breach of Contract against Erik Robert Elle only;

Count II - Violations of Pennsylvania Uniform Trace Secrets Act against both Defendants;

Count III - Tortious Interference with Contract and with Existing and Prospective Business Relations against both Defendants;

Count IV - Tortious Interference with Contractual Relations against Highland Commercial Roofing only;

Count V - Unfair Competition against both Defendants; and

Count VI - Breach of Fiduciary Duty / Duty of Loyalty against Erik Robert Elle only.

Plaintiff, CentiMark Corporation ("CentiMark") markets, sells, installs, and services roofs and roofing systems throughout North America to commercial and industrial customers. CentiMark maintains its confidential trade secret and proprietary customer information in electronic databases in Pennsylvania and makes such information available to its sales force via the internet and a custom-designed extranet. *See* Declaration of Greg Wilson ("Wilson Aff."), at ¶¶ 7, 9.

Erik Robert Elle ("Elle") was employed by CentiMark from August of 2006 until his resignation in June of 2009. Elle's employment with CentiMark was contingent upon him signing an employment agreement (the "Agreement") with CentiMark which prohibited him from using or disclosing CentiMark's trade secrets and confidential information. The Agreement also prohibits Elle from working for a competitor of CentiMark's in his former territory for two (2) years following his termination of employment with CentiMark. Additionally, the Agreement provides that Pennsylvania law would govern the Agreement without giving effect to the principles of conflicts of law. Elle also irrevocably submitted to the personal jurisdiction of the United States District Court for the Western District of

Pennsylvania or the Court of Common Pleas of Allegheny County, Pennsylvania, and irrevocably waived any objection to venue for actions brought in those courts.

Elle accepted the offer of employment and signed the Agreement on August 10, 2006.  Initially, Elle was an Associate Project Manager, but was promoted to Senior Project Manager in April of 2008.  His territory during this time included almost all of New Mexico, as well as portions of the Phoenix metropolitan area.  In December of 2008, Elle was assigned a new territory, which included the entire state of Arizona and portions of New Mexico.

On June 23, 2009, Elle "unexpectedly advised CentiMark that he was resigning from the company" effective immediately.  Complaint at ¶ 53.  After Elle resigned, CentiMark became aware that Elle had accepted a position with Highland Commercial Roofing, LLC ("Highland"), a competitor of CentiMark's in the Phoenix metropolitan area for the provision of roofing services.  CentiMark contends that Elle has solicited at least one CentiMark customer that he formerly called upon while he was employed by CentiMark.

CentiMark notified Elle of his alleged violation of his non-competition obligation under the Agreement by way of an overnight letter sent July 24, 2009.  On that same day, CentiMark also sent Highland a "cease and desist" letter which advised Highland that Elle was bound by the non-competition obligations contained in the Agreement.

CentiMark argues that despite being apprised of Elle's obligations under the terms of his Agreement, Highland has continued to employ him to unfairly compete with CentiMark.

**Standard of Review**

"Once a defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Cateret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 146 (3d Cir. 1992). However, if the Court does "not hold an evidentiary hearing . . . , the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

Under Federal Rule of Civil Procedure 4(k), a district court typically exercises personal jurisdiction over a non-resident defendant according to the law of the state where it sits. *See* Fed. R. Civ. P. 4(k)(1)(A). *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). Here, the applicable Pennsylvania long-arm statute provides for jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons.Stat. Ann. § 5322(b); *see Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992). Accordingly, a court may exercise personal jurisdiction over a nonresident defendant if the defendant has "certain minimum contacts with [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor,* 496 F.3d at 316 (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The two types of personal jurisdiction are general and specific jurisdiction. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-415 & n. 9 (1984). A court may exercise general jurisdiction when a defendant has "continuous and systematic

contacts" with the forum state. *Helicopteros Nacionales de Columbia, S.A.,* 466 U.S. at 415 n. 9. The plaintiff must show more than mere minimum contacts with the forum state. *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir. 1987). Moreover, the facts required to establish general jurisdiction must be extensive and persuasive. *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas,* 675 F.2d 587, 589 (3d Cir. 1982).

On the other hand, under specific jurisdiction, the relevant inquiry is: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. *O'Connor,* 496 F.3d at 317. In establishing specific jurisdiction, it is not required that the defendant be physically located in the state while committing the alleged act(s). *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Nor is jurisdiction defeated merely because the bulk of harm occurred outside the forum. *Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 780 (1984). Instead, a single act may satisfy minimum contacts if it creates a substantial connection with the forum. *Burger King Corp*., 471 U.S. at 476 n. 18.

When a defendant's contacts with the forum state are not otherwise sufficient to establish personal jurisdiction under the above theories and the plaintiff has alleged that the defendant has committed an intentional tort, the court must also analyze the contacts under the "effects test" as established by the United States Supreme Court in *Calder v. Jones,* 465 U.S. 783 (1984). Under the effects test, the plaintiff must show that:

> (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of the tort: and

> (3) the defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

*Imo Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1989). This test allows the court to assert jurisdiction over the defendant even though the contacts with the forum state alone are too small to comport with the requirements of due process. *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007). The crucial aspect of the effects test is that a plaintiff must demonstrate that a defendant "expressly aimed its tortious conduct at the forum." *Imo Industries, Inc.*, 155 F.3d at 265. The plaintiff's residence does not on its own create jurisdiction over nonresident defendants. *Marten*, 499 F.3d at 298.

**Discussion**

Highland has moved to dismiss the Complaint on the basis that (i) this Court does not have general jurisdiction as it does not maintain continuous and substantial contacts with Pennsylvania; and (ii) that this Court does not have specific jurisdiction over it based on a lack of contacts related to the issues asserted in the Complaint. In the alternative, Highland asserts that the Western District of Pennsylvania is an improper venue for the claims against it.

A.        <u>General Jurisdiction and Specific Jurisdiction</u>

CentiMark has conceded that this Court has no jurisdiction over Highland based on the traditional notions of either general jurisdiction or specific jurisdiction. However, Plaintiff argues that "specific jurisdiction is appropriate in this case pursuant to the 'effects test' set forth" in the United States Supreme Court's decision in *Calder*. In response, Highland argues that CentiMark has failed to provide any additional facts to establish that Highland purposely aimed its allegedly intentional tortious conduct at Pennsylvania.

B.	The Effects Test

In order to prevail on a claim of personal jurisdiction under the effects test, the plaintiff must show that: (1) the defendant committed an intentional tort;[1] (2) the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm; and (3) the defendant expressly aimed its tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.[2] *Imo Industries, Inc.*, 155 F.3d at 265-66.  Reviewing the pleaded facts of this matter, the Court finds that CentiMark has not met its burden of proof with respect to the last element of the effects test.

The Court does not find that Highland expressly aimed any of its alleged tortious activities at Pennsylvania, such that Pennsylvania is the focal point of Defendant's alleged tortious conduct.  Even assuming that Plaintiff felt the brunt of the harm in Pennsylvania, the Court does not find that there is any deliberate targeting of Pennsylvania.  *Marten*, 499 F.3d at 298.  In fact, all of the alleged intentional conduct asserted against Highland occurred in Arizona.  Highland hired Elle in Arizona and the alleged misappropriated trade secrets and proprietary information was allegedly to be used to take business away from CentiMark in the markets of Arizona and New Mexico.

---

[1]   When assessing jurisdiction based on the effects test, the Court is only concerned with the allegations pertaining to the intentional torts.

[2]   Plaintiff alleges that Highland has engaged in a variety of intentional torts, to wit: misappropriation of trade secrets, tortious interference with contract, tortious interference with existing and prospective contractual relations, and unfair competition.

CentiMark contends that Highland knew that its alleged tortious conduct would cause harm in Pennsylvania because Highland's "affiliated entity - Highland Commercial Roofing, Inc., a California corporation ("Highland California") - has hired four (4) CentiMark employees in recent years, each of whom was bound by the same or similar non-competition, non-solicitation, and non-disclosure requirements as those found in the Agreement with Elle." This contention will be summarily rejected. First, the Complaint in this case does not mention or identify these "four (4) Centimark employees" nor does it mention the hiring practices of Highland's affiliated entity, which is not a party to this litigation. Further, by its own omission CentiMark states that it has "elected not to undertake litigation against Highland California and/or the former CentiMark employees in those instances." Memo. at 5 n.2. Accordingly, any attempt to impute jurisdiction upon Highland based on the activities of Highland California is misplaced.

Additionally, CentiMark argues that Highland specifically targeted its allegedly intentional tortious conduct at Pennsylvania because it knew that Elle's employment agreement with CentiMark contained a forum selection clause which identified Pennsylvania as the state which governs the agreement. However, knowledge of a forum selection clause, standing alone, is not sufficient to confer jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985) (holding that choice of law provision is not determinative of whether the court can exercise personal jurisdiction over a foreign defendant). *See also Utilitech, Inc. v. Somerset Medical Center*, No. 06-1232, 2006 U.S. Dist. LEXIS 40126 at *21 (E.D. Pa., June 15, 2006).

Finally, CentiMark's argument that "it cannot come as a surprise to Highland that CentiMark would file suit in its home District to seek recourse for Highland's misconduct" is

also misplaced. *Calde*r requires deliberate targeting of the forum. The fact that the Plaintiff is a Pennsylvania corporation, with its principal place of business in Pennsylvania, and may elect to "file suit in its home District" is accidental for jurisdictional purposes. A court cannot automatically infer that a defendant expressly aimed its tortious conduct at the forum from the fact that the defendant knew that the plaintiff resided in the forum. *See IMO Industries, Inc.,* 155 F.3d at 262-263. Permitting jurisdiction under the circumstances here, would mean that jurisdiction in intentional tort cases would always be appropriate in the plaintiff's home state since the plaintiff would always feel the impact of the tort there. *Id.* at 263.

### Conclusion

For all the reasons hereinabove stated, the Court finds that the Plaintiff has not established that the Defendants expressly aimed their alleged tortious activities at the forum state of Pennsylvania and, accordingly, this Court does not have jurisdiction over Highland. The Motion to Dismiss for lack of personal jurisdiction will be granted.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CENTIMARK CORPORATION, a Pennsylvania corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02: 09-cv-1244 |
| HIGHLAND COMMERCIAL ROOFING, LLC, an Arizona Limited Liability Company, and ERIK ROBERT ELLE, an adult individual, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER OF COURT

AND NOW, this 4th day of November, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss filed by Highland Commercial Roofing, LLC is **GRANTED** for lack of personal jurisdiction. Counts II through V of the Complaint as to Highland Commercial Roofing, LLC are dismissed and Highland Commertcial Roofing, LLC is dismissed from this action.

It is further **ORDERED** that the caption of this matter is amended as follows:

| | | |
|---|---|---|
| CENTIMARK CORPORATION, a Pennsylvania corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02: 09-cv-1244 |
| ERIK ROBERT ELLE, an adult individual, | ) ) ) | |
| Defendant. | ) | |

So **ORDERED** this 4th day of November, 2009.

BY THE COURT:

<u>s/Terrence F. McVerry</u>
United States District Court Judge

cc:     Gregory J. Krock, Esquire
Buchanan Ingersoll & Rooney
Email: gregory.krock@bipc.com

Corrado Salvatore, Esquire
Buchanan Ingersoll & Rooney
Email: corrado.salvatore@bipc.com

Stuart H. Sostmann, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Email: shsostmann@mdwcg.com

Teresa O. Sirianni, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Email: tosirianni@mdwcg.com

Alan T. Silko, Esquire
Levicoff, Silko & Deemer
Email: ASilko@LSandD.net